## Baden Borough v. Beaver Trust Company

*Richard A. McConnel,* for plaintiff.
*Moorhead, Marshall & Sawyer,* for defendant.

MCCREARY, P. J., June 15, 1948.—On June 14, 1937, the Borough of Baden filed a municipal lien against Beaver Trust Company, owner or reputed owner of "all those certain pieces or parcels of land situate in the Borough of Baden, Beaver County, Pa., being all of lots 'F', 'G' and 'H' in a Plan showing a Subdivision of lot No. 1, Virginia Terrace Plan, recorded in Deed Book Vol. 297, page 400". The municipal claim was filed for $203.51, with interest thereon from December 15, 1936, with a five percent fee for collection for plaintiff's attorneys, and costs allowed by law. This municipal lien was not revived within a period of five years from the date thereof either by the issuance of a writ of scire facias or by the filing of a suggestion and averment of nonpayment and default. On May 1, 1941, the said property was conveyed by Beaver Trust Company to Wilhelmina T. Weyand. On December 31, 1943, more than 1½ years after the expiration of the five-year period from the time of filing the lien, the solicitor for the Borough of Baden filed a suggestion and averment of nonpayment and default. Again, on May 22, 1947, the solicitor for the Borough of Baden filed another suggestion of nonpayment of tax lien or municipal lien.

On February 16, 1948, Wilhelmina T. Weyand died, leaving a last will and testament duly proved and remaining of record in the office of the Register of Wills of Beaver County in Will Book Vol. 40, page 273, wherein she appointed Forest G. Moorhead her executor. When the existence of the alleged lien was called to his attention, he filed a motion, on April 16, 1948, for a rule on the Borough of Baden to show cause why the so-called lien should not be stricken from the record, and in support of the rule assigned the following reasons:

"1. No suggestion or revival of any kind was entered on the said lien until December 31, 1943, or after

the lapse of a period of six years, six months, and 17 days, during which time the Beaver Trust Company by deed dated January 7, 1940, acknowledged April 17, 1941, and recorded in the Recorder's Office of Beaver County on May 1, 1941, in Deed Book 478, page 307, conveyed said property to Wilhelmina T. Weyand.

"2. The said lien had expired at the end of five years from the date of filing thereof, June 14, 1937, or not later than June 14, 1942, so the attempted revival on December 31, 1943, was one year, six months and 17 days later. No curative act of assembly can be found permitting the lien to be revived at such a late date.

"3. That a suggestion of nonpayment of the said lien was again filed May 22, 1947, which would not have any effect in reviving the expired lien."

An answer to this rule was filed by counsel for the Borough of Baden wherein he admits the averments of fact set forth in the first and second reasons assigned by petitioner, but argues as a matter of law that the Act of July 3, 1947, P. L. 1234, provides for the reviving of a delinquent lien, providing the property is still owned or held by the original owner at the time the lien was filed, or a terre tenant holding under the original owner. The Borough of Baden also admits the averment of fact set forth in the third reason assigned by petitioners for the rule.

We are of the opinion that the rule must be made absolute. The Act of May 28, 1937, P. L. 1001, as amended, 53 PS §2035, provides in effect that after the municipal claim is filed within the proper six-month period after the improvement, and there is no question in this case that the municipal claim in question was filed within the proper six-month period after the improvement, it shall remain a lien upon said property until fully paid and satisfied, provided, however, that either a suggestion of nonpayment and an averment of default be filed or a writ of scire

facias be issued within five years of the date on which said claim was filed. This act further states that if a claim be not filed within the time aforesaid, or if it is not prosecuted in a manner and at the time aforesaid, its lien on real estate shall be wholly lost.

The pertinent provisions of said act are as follows:

"Such tax, municipal or other claim if filed within the period aforesaid, shall remain a lien upon said properties until fully paid and satisfied: Provided, however, That either a suggestion of nonpayment and an averment of default, in the form hereinafter provided, be filed either before or after judgment on the scire facias, or else a writ of scire facias, in the form herein provided, be issued to revive the same, within each period of five years following—(a) the date on which said claim was filed, (b) the date on which a writ of scire facias was issued thereon, (c) the date on which any judgment was entered thereon, (d) the date on which a previous suggestion of nonpayment and default was filed thereon, or (e) the date on which a judgment of revival was obtained thereon. . . .

"The filing and indexing of such suggestion and averment within five years of filing the claim or the issuing of any writ of scire facias thereon, or of any judgment thereon, or of the filing of any prior suggestion and averment of default, shall have the same force and effect, for the purpose of continuing and preserving the lien of the claim, as though a writ of scire facias had been issued or a judgment or judgment of revival had been obtained within such period: Provided, That no writ of levari facias shall be issued upon a claim for the purpose of exposing the property liened to sheriff's sale, except after a judgment shall have been duly obtained upon the claim, as provided in this section, and such judgment must have been obtained within five years of the issuance of the levari facias. Whenever the lien of a claim has been revived

and continued by the filing and indexing of a suggestion and averment of default, the claimant may, at any time within five years therefrom, issue a writ of scire facias thereon, reciting all suggestion and averment of default filed since the filing of the claim, and shall proceed thereon, in the manner herein provided, subject to the right of the owner to raise any defense arising since the last judgment.

"If a claim be not filed within the time aforesaid, or if it be not prosecuted in the manner and at the time aforesaid, its lien on real estate shall be wholly lost."

It is to be noted in the instant case that the suggestion of nonpayment and averment of default, filed on December 31, 1943, was filed more than 1½ years after the expiration of the five-year period from the time of filing the lien, the said five-year period expiring June 13, 1942, and hence, since the lien was "not prosecuted in the manner and at the time aforesaid" its lien on the real estate in question was wholly lost.

We had occasion, in the case of Home Protective Savings & Loan Association v. Aliquippa, 7 Beaver 1, to pass upon the effect of the words "its lien on real estate shall be wholly lost" as used in the statute under consideration. In that case we decided that a municipally owned water company cannot file or maintain a lien against real estate for water rents or rates accrued and payable beyond the last day of the third calendar year following the year in which the rates were first payable. We reached that conclusion on the authority of a number of appellate court cases, cited in our opinion, interpreting the meaning of the words "if a claim be not filed within the time aforesaid, or if it be not prosecuted in the manner and at the time aforesaid, its lien on real estate shall be wholly lost".

For the reasons stated in the opinion last cited we conclude that since the Borough of Baden did not file

a suggestion of nonpayment and averment of default within five years of the date of filing the original municipal lien, the lien on the real estate of Wilhelmina T. Weyand was wholly lost.

Certainly, as long as the title to the real estate remained in Mrs. Weyand, who had purchased it from the Beaver Trust Company at a time when the lien was valid, life could have been breathed into the lien if the legislature had, in the years 1943, or 1945, or 1947, passed a validating act similar to the Act of April 29, 1941, P. L. 29, or the Act of July 28, 1941, P. L. 542: Borough of Blakely v. Kondracski et al., 44 D. & C. 322. However, the legislature did not pass any similar legislation in any of its sessions following the year 1941, and if any had been passed the Borough of Baden did not take advantage of them within a period of six months of the date of passage.

We are unable to follow the suggestion of the solicitor for the Borough of Baden to the effect that the Act of July 3, 1947, P. L. 1234, saves the borough's lien from extinction. The short title to that act is "Judgment Lien Law". That act has to do only with judgment liens and makes no reference whatsoever to a municipal lien not reduced to judgment.

In the case of School District of Edwardsville v. Siegel, 39 Luz. 4, the court held that where a tax lien is filed it remains a lien on property until satisfied, but where no suggestion is filed or scire facias issued within five years following, the lien is lost and will be stricken from the record. We have no doubt that the same rule applies to a municipal lien for grading, paving and curbing as is applied to an ordinary tax lien. The legislature has treated both types of liens alike in the Act of 1937, as amended, supra.

We therefore make the following

*Order*

Now, to wit, June 15, 1948, after argument on the rule, the facts being undisputed, it is now ordered, adjudged and decreed that the rule heretofore issued be made absolute, and the prothonotary is directed to strike from the record the lien filed at the above stated number and term.